IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–01811–EWN–BNB


NATALIE WIND,

     Plaintiff,

v.

AEGIS SECURITY INSURANCE COMPANY,
LIFE INSURANCE COMPANY OF NORTH AMERICA, a Cigna Company, and
WILSON GREGORY AGENCY, INC.,

     Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

     This is an insurance case.  Plaintiff Natalie Wind asserts a variety of state law claims

arising out of: (1) the sale of an insurance policy; and (2) the subsequent refusal to pay medical

benefits thereunder.  This matter is before the court on Plaintiff's "Motion for Remand and

Response in Opposition to Notice of Removal," filed on October 16, 2006.  Defendant Life

Insurance Company of North America ("Defendant LINA") asserts that this court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1441 (2006).

## FACTS

*1.*    ***Relevant Factual Allegations***

     The following factual allegations are drawn from Plaintiff's amended complaint.  In May

2004, Plaintiff worked as a newspaper carrier for *The Gazette* and *The Denver Post* in El Paso

County, Colorado.  (Notice of Removal, Ex. 13 ¶¶ 1–3 [Am. Compl.] [filed Aug. 12, 2006]

[hereinafter "Notice of Removal"].)  Plaintiff was employed as an independent contractor.  (*Id.*,

Ex. 13 ¶ 4 [Am. Compl.].)  As a condition of her employment, Plaintiff was required to purchase

from Defendant Wilson Gregory Agency, Inc. ("Defendant WGA") an insurance policy issued by

Defendant LINA and Defendant Aegis Security Insurance Company ("Defendant Aegis").  (*Id.*,

Ex. 13 ¶¶ 4, 6 [Am. Compl.].)  The policy covered injuries incurred while "on route" delivering

newspapers.  (*See id.*, Ex. 13 ¶ 15 [Am. Compl.].)  As she was driving to her delivery route on

May 31, 2004, Plaintiff suffered physical injuries when her automobile was stricken by an

intoxicated driver.  (*Id.*, Ex. 13 ¶¶ 17–18 [Am. Compl.].)  Defendant Aegis refused to pay in full

Plaintiff's request for benefits under the policy, asserting that Plaintiff was not "on route"

delivering newspapers at the time of the accident.  (*Id.*, Ex. 13 ¶ 24 [Am. Compl.].)

**2.    *Procedural History***

On July 7, 2005, Plaintiff filed her complaint in the Colorado District Court in El Paso

County, asserting a variety of state law claims against Defendant Aegis.  (*Id.*, Ex. 1 [Compl.].)

On August 15, 2006, Plaintiff filed an amended complaint, adding Defendant LINA and

Defendant WGA.  (*Id.*, Ex. 18 [Order to Amend Compl.].)  On September 12, 2006, Defendant

LINA filed its notice of removal, asserting that this court has both diversity and federal question

jurisdiction over Plaintiff's cause.  (Notice of Removal at 1–3.)  On October 16, 2006, Plaintiff

filed a motion to remand, contesting Defendant LINA's asserted grounds for federal jurisdiction.

(Mot. for Remand and Resp. in Opp'n to Notice of Removal [filed Oct. 16, 2006] [hereinafter

"Mot. to Remand"].)  On October 31, 2006, Defendant LINA filed a response.  (Def. LINA's

Resp. to Pl.'s Mot. for Remand and Opp'n to Notice of Removal [filed Oct. 31, 2006]

[hereinafter "Def. LINA's Resp."].)  Plaintiff did not file a reply brief.

## ANALYSIS

### *1.      Failure to Join All Defendants in Notice of Removal*

The court notes that neither Defendant Aegis nor Defendant WGA joined in the notice of

removal filed by Defendant LINA.  Although such a failure renders the removal procedurally

defective, Plaintiff's failure to raise any objection thereto — timely or otherwise — prevents this

court from addressing the defect.  *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)

(finding co-defendant's failure to join petition to remove rendered removal "procedurally

defective"); 28 U.S.C. § 1447(c) (2006) (stating motion to remand based on a procedural defect

must be filed within thirty days after the filing of the notice of removal); *Kelton Arms Condo.*

*Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (holding "the

district court cannot remand *sua sponte* for defects in removal procedure"); *accord Whole Health*

*Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320 (11th Cir. 2001);

*In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000); *Page v. City of*

*Southfield*, 45 F.3d 128, 132–33 (6th Cir. 1995); *In the Matter of Cont'l Cas. Co.*, 29 F.3d 292,

294–95 (7th Cir. 1994); *In re Allstate Ins. Co.*, 8 F.3d 219, 223–24 (5th Cir. 1993).

### *2.      Timeliness of Plaintiff's Motion*

Defendant LINA notes that thirty-four days passed between the day it filed its Notice of

Removal (September 12, 2006) and the date when Plaintiff filed her motion to remand (October

16, 2006).  (Def. LINA's Resp. at 2.)  Thus, Defendant LINA argues that Plaintiff's motion to

remand "based on a defect in the removal procedure" is untimely pursuant to 28 U.S.C. §

1447(c).  (*Id.*)  I vigorously disagree.

In relevant part, § 1447(c) states: "A motion to remand the case on the basis of any defect

*other than lack of subject matter jurisdiction* must be made within [thirty] days after the filing of

the notice of removal."  28 U.S.C. § 1447(c) (2006) (emphasis added).  Indeed, "[a] litigant

generally may raise a court's lack of subject-matter jurisdiction *at any time* in the same civil

action, even initially at the highest appellate instance."  *Kontrick v. Ryan*, 540 U.S. 443, 455

(2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 [1884]) (emphasis added).

In the instant case, Plaintiff asserts that this court lacks *subject matter jurisdiction* over

her case.  (Mot. to Remand at 1–3.)  Thus, Defendant LINA's argument is contradicted by the

very authority upon which it purports to rely.  (*Compare* Def. LINA's Resp. at 2 [citing 28

U.S.C. § 1447(c)], *with* 28 U.S.C. § 1447[c].)  This is not a matter of interpretation of ambiguous

statutory language.  The above-quoted language of § 1447(c) — not to mention the blackletter

principle upon which it is based — could not be more clear.  If Defendant LINA relied in good

faith on § 1447(c), then the court raises the question whether its counsel are competent to handle

this matter.  *See* Colo. R. Prof. Conduct 1.1 (2006) ("Competent representation requires the legal

knowledge, skill, thoroughness and preparation reasonably necessary for the representation.").  If

Defendant LINA relied in bad faith on § 1447(c), then this court is vexed by counsels' apparent

belief that such a patently unfounded argument would slip past the court's notice.  *See id.* 3.3 ("A

lawyer shall not knowingly . . . make a false statement of material fact or law to the tribunal.").

Regardless of whether counsel acted in good or bad faith, their conduct is reproachable.

### 3.  *Federal Jurisdiction*

When a federal court lacks subject matter jurisdiction over a dispute, the court must remand the action to state court.  28 U.S.C. § 1447(c) (2006).  This rule is inflexible and without exception, requiring a court to deny jurisdiction in all cases where it does not affirmatively appear in the record.  *Amundson & Assocs. Art Studio v. Nat'l Council on Compensation Ins.*, 977 F. Supp. 1116, 1120–21 (D. Kan. 1997) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702 [1982]).

The party invoking the jurisdiction of a federal court has the duty to establish that federal jurisdiction does exist, but since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  Indeed, it is the burden of the party opposing remand "to show jurisdiction by a preponderance of the evidence."  *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003); *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 202 F. Supp. 2d 1238, 1241 (D. Kan. 2002).  Thus, any doubt concerning whether a case is removable must be resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Under the removal statute, a defendant can remove to federal court any civil action brought in a state court that could have originally been filed in federal court.  28 U.S.C. § 1441(a) (2006).  Thus, removal is proper only if a federal court has either diversity jurisdiction or if the case involves a federal question.  *See id.* §§ 1331, 1332.  In the instant case, Defendant LINA asserts that this court has both diversity and federal question jurisdiction over Plaintiff's claims. (Def. LINA's Resp. at 2–4.)  I consider both grounds for this court's jurisdiction in turn.

a.      *Diversity Jurisdiction*

Congress created diversity jurisdiction by statute to allow federal courts to entertain suits

where the parties are citizens of different states and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  28 U.S.C. § 1332 (2006).  "'The courts must rigorously enforce

Congress' intent to restrict federal jurisdiction in controversies between citizens of different

states.'"  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting

*Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 [10th Cir. 1998]).  The removal statute is,

therefore, strictly construed when removal is based on diversity jurisdiction.  *Fajen*, 683 F.2d at

333; *Consumer Crusade, Inc. v. Fairon & Assocs., Inc.*, 379 F. Supp. 2d 1132, 1138 (D. Colo.

2005).  The existence of all requisite facts supporting diversity jurisdiction must appear on the

face of the complaint and/or the notice of removal.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873

(10th Cir. 1995).

In the instant case, Defendant LINA avers the citizenship of each of the parties as follows:

> Plaintiff is a citizen of and domiciled in the state of Colorado.  [Defendant] LINA
> is a corporation in Pennsylvania, with its principle [sic] place of business at 1601
> Chestnut Street Philadelphia, Pennsylvania.  [Defendant] A[egis] . . . is a
> corporation in Pennsylvania, with its principle [sic] place of business at 2407 Park
> Drive, Suite 200, Harrisburgh [sic], Pennsylvania. . . . [Defendant WGA] is a
> citizen of, and maintains its principle [sic] place of business in, Pennsylvania.

(Notice of Removal at 2–3.)  In its response to Plaintiff's motion to remand, Defendant LINA

asserts: "The principal places of business for all Defendants has [sic] always been outside

Colorado and never changed; therefore, Complete [sic] diversity of citizenship of the parties exists

pursuant to 28 U.S.C. § 1332."  (Def. LINA's Resp. at 4.)  Defendant LINA's conclusion,

however, does not necessarily follow from its premise.

A party may not invoke diversity jurisdiction of the federal courts unless each defendant is a citizen of a different state than each plaintiff. 28 U.S.C. § 1332(a) (2006). Section 1332(c) provides: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the state where it has its principal place of business." *Id.* § 1332(c) (emphasis added). Thus, a corporation may be deemed a citizen of two different states. *See id.* While Defendant LINA has sufficiently averred that each Defendant's principal place of business is located outside of the state of Colorado, it has neglected to indicate whether each Defendant was incorporated under the laws of a state other than Colorado. (*See* Notice of Removal; Def. LINA's Resp.)

The similarities between the instant case and a Ninth Circuit case are striking. In *Fifty Associates v. Prudential Insurance Co. of America*, the court considered a plaintiff's assertions concerning the diversity of the corporate parties to its claims. 446 F.2d 1187 (9th Cir. 1970). The court found insufficient the plaintiff's allegation that it "'was and is a New Jersey corporation and a citizen of the State of New Jersey with its principal place of business in said state'" because there was "no affirmative allegation as to the state in which [the plaintiff] was incorporated." *Id.* at 1189–90. Turning to the instant case, although Defendant LINA has averred that it and its co-defendants are citizens of Pennsylvania because their principal places of business are located in that great state, Defendant LINA has neglected to allege affirmatively — let alone offer any proof — that it or its co-defendants were not incorporated under the laws of Colorado. (*See* Notice of Removal; Def. LINA's Resp.) The court will not countenance Defendant LINA's vague assertion

that each Defendant is a "corporation in Pennsylvania," since mere presence "in a state" does not bear upon citizenship. *See* 28 U.S.C. § 1332(c) (2006). Defendant LINA ought to have had little trouble demonstrating where it and its co-defendants were incorporated, but Defendant LINA did not even *aver* sufficient facts. *Cf. Nat'l Inspection*, 202 F. Supp. 2d at 1241 (finding that removing defendant had met burden of demonstrating plaintiff's citizenship by presenting affidavits, certified copy of driver's license record, representations made by plaintiff, and further such evidence); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction . . . must be met by the party who seeks the exercise of jurisdiction in his favor."). Without more from the party seeking removal, I cannot find that this court has jurisdiction to wrest Plaintiff's case out of her chosen forum. *See Compagnie des Bauxites*, 456 U.S. at 702 (requiring courts to deny jurisdiction in "all cases where [it] does not affirmatively appear in the record"). Consequently, I find that Defendant LINA has failed to overcome the presumption against removal based on diversity of citizenship. *See Martin*, 251 F.3d at 1289. Nevertheless, the question remains whether this court may retain the case pursuant to its original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

### b.   *Federal Question Jurisdiction*

The well-pleaded complaint rule governs whether a court has federal question jurisdiction over a matter. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* The rule makes the plaintiff the master of the claim, such that the

plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  *Id.*  Generally, a case brought in state court may not be removed to federal court even if a federal defense, such as preemption, is raised.  *Id.*  However, removal is proper when Congress has completely preempted an area of state law.  *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 66 (1987).  When an area is completely preempted, the plaintiff's state law claim is recharacterized as a federal claim.  *See id.*

In the instant case, Defendant LINA obliquely asserts that this court has federal question jurisdiction over "Plaintiff's Amended Complaint . . . as the issue is a federal question pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*"  (Def. LINA's Resp. at 2.)  Defendant LINA gets slightly more specific when it asserts that Plaintiff's complaint "raises claims relating to a denial of benefits under an employee benefit plan for accident and health benefits."  (*Id.*)  Defendant LINA indirectly suggests that Plaintiff is an "employee" under ERISA and, further, that her insurance contract constitutes an "employee benefit plan" thereunder.[1]  (*See id.* at 2–3.)  In what may be an attempt to buttress its suggestions, Defendant LINA points to: (1) two instances in the amended complaint where Plaintiff refers to herself as an "employee" of *The Gazette*; and (2) the fact that Plaintiff's claims arise out of a work-related accident.  (*Id.* at 3.)  In contrast, Plaintiff argues that her employment as an

_____

[1]Defendant LINA never acknowledges the key question whether Plaintiff's claims are *removable* under ERISA's preemptive provisions.  *See Metro. Life Ins. Co.*, 481 U.S. at 64 ("ERISA pre-emption [under ERISA section 514], without more, does not convert a state claim into an action arising under federal law."); *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004) ("[S]tate claims falling within the scope of [ERISA section] 502(a) . . . [are] indeed completely preempted and thus removable.") (citation omitted).  Because I find below that Defendant LINA has failed to demonstrate that ERISA applies to Plaintiff's insurance plan, I need not address the question of preemption.

independent contractor places her case beyond the reach of ERISA.  (Mot. to Remand at 2–3.)
As evidence, Plaintiff points to: (1) her "Independent Contractor Agreement" with *The Gazette*,
which specifically states that Plaintiff would not "receive any employee benefits of any kind from
[*The Gazette*];" and (2) a policy entitled "Independent Contractor Accident Insurance," which is
none other than the very insurance policy out of which her claims in this case arise.  (Mot. to
Remand, Ex. C [I.C. Agreement], Ex. D [I.C. Accident Policy].)

      For the purposes of the foregoing discussion, I will assume, as Defendant LINA brazenly
assumes, that: (1) the insurance benefits Plaintiff seeks are indeed benefits under an "employee
benefit plan" as defined by ERISA, such that (2) ERISA section 502 will mandate preemption of
Plaintiff's claims if (3) she is an "employee" within the statutory definition.  (*See* Def.'s Resp. at
2–3.)  Even permitting such extraordinarily generous assumptions in Defendant LINA's favor,
however, Defendant LINA has failed to demonstrate that Plaintiff is an "employee" to whom
ERISA applies.

      The distinction between an ERISA-defined "employee" and an independent contractor
matters because ERISA does not apply to an independent contractor's claims against an
"employee benefit plan."  *See Capital Cities/ABC, Inc. v. Ratcliff*, 141 F.3d 1405, 1407–08, 1412
(10th Cir. 1998) (holding newspaper carriers who were independent contractors rather than
ERISA "employees" were not entitled to sue for benefits under newspaper's ERISA plans); *see
also Schwartz v. Employers Health Ins. Co.*, 1995 WL 302448, at *4 (N.D. Ill. 1995) ("ERISA
does not preempt an independent contractor's action against an insurance company."); *Sica v.
Equitable Life Assurance Soc'y*, 756 F. Supp. 539, 540 (S.D. Fla. 1990) (same).  Because ERISA

circularly defines "employee" as "any individual employed by an employer," the Supreme Court

has adopted the common law test for determining whether a person is an employee or an

independent contractor. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). This

test requires a court to evaluate all factors relevant to the hiring party's right to control the

manner and means by which its ends are accomplished by an independent contractor, including:

> (a) the skill required in the particular occupation;
> (b) the source of the instrumentalities and tools for the person doing the work;
> (c) the location of the work;
> (d) the duration of the work relationship;
> (e) the hiring party's right to assign additional projects to the hired party;
> (f) the hired party's discretion over when and how long to work;
> (g) the method of payment, whether by the time or by the job;
> (h) the hired party's role in hiring and paying assistants;
> (i) whether the work is a part of the regular business of the hiring party;
> (j) whether the hiring party is or is not in business;
> (k) the provision of employee benefits;
> (l) the tax treatment of the hired party.

*Roth v. Am. Hosp. Supply Corp.*, 965 F.2d 862, 866 (10th Cir. 1992) (citing *Darden*, 503 U.S. at

323–24).

   Although the burden rests squarely upon its shoulders, Defendant LINA has alleged

absolutely no facts tending to indicate whether Plaintiff is indeed an independent contractor or an

employee under the common law analysis endorsed in *Darden*. (*See* Notice of Removal; Def.

LINA's Resp.)  The fact that Plaintiff has filed an insurance claim for work-related benefits proves

nothing — nor does the fact that Plaintiff's sloppily drafted amended complaint twice refers to

Plaintiff as an "employee" rather than an independent contractor. (*See* Def. LINA's Resp. at 3.)

The contrary proof that Plaintiff comes forward with — namely, her "Independent Contractor

Agreement" with *The Gazette* and her "Independent Contractor Accident Insurance" policy —

sharply contradicts Defendant LINA's bald assertion that Plaintiff is an ERISA "employee."

As "the party invoking the federal court's jurisdiction," Defendant LINA "bears the

burden of proof" that such jurisdiction exists. *Basso*, 495 F.2d at 909. Defendant LINA's bald

assertions do not suffice to persuade this court that this matter is properly before it. Defendant

LINA has failed to overcome the presumption against the existence of federal jurisdiction because

it has failed to allege facts that might demonstrate Plaintiff is an ERISA-defined "employee" — let

alone that the insurance contract at issue is "an employee benefit plan" or that ERISA actually

preempts Plaintiff's state law claims against such a plan. *See id.*; *Amundson & Assocs.*, 977 F.

Supp. at 1120–21.

**4.    *Conclusion***

All doubts concerning whether a case is removable must be resolved in favor of remand.

*Fajen*, 683 F.2d at 333. Given the spectrum of doubts concerning both the applicability of

ERISA and the existence of complete diversity, this case must be remanded to the state court

from whence it came.

Based on the foregoing it is therefore ORDERED that Plaintiff's Motion to Remand (#24)

is GRANTED. The case is hereby remanded to the El Paso County, Colorado District Court.


Dated this 14th day of December, 2006.


BY THE COURT:


-12-

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge