IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01811–EWN–BNB

NATALIE WIND,

Plaintiff,

v.

AEGIS SECURITY INSURANCE COMPANY,
LIFE INSURANCE COMPANY OF NORTH AMERICA, a Cigna Company, and
WILSON GREGORY AGENCY, INC.,

Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion for Reasonable Attorney's Fees Pursuant to F.R.C.P. 28 § 1927 [sic] and C.R.S. § [sic] 13–17–101 and 102 for Having to Answer Defendants [sic] Motions for Removal and Exclusivity Issues Raised in Their Motions to Dismiss under ERISA," filed December 28, 2006.

On December 14, 2006, this court issued an order granting Plaintiff's motion to remand this case to state court for want of subject-matter jurisdiction. (Order [filed Dec. 14, 2006].) On December 28, 2006, Plaintiff filed the instant motion. (Pl.'s Mot. for Reasonable Att'y's Fees Pursuant to F.R.C.P. 28 § 1927 [sic] and C.R.S. § [sic] 13–17–101 and 102 for Having to Answer Defs. [sic] Mots. for Removal and Exclusivity Issues Raised in Their Mots. to Dismiss under ERISA [filed Dec. 28, 2006] [hereinafter "Pl.'s Mot."].) The essence of Plaintiff's motion

is that she is entitled to fees and costs as a sanction for allegedly frivolous legal positions Defendants asserted in their failed attempt to remove her case to this court. (*See id.*)

Plaintiff baldly asserts that this court has jurisdiction to entertain her motion. (*Id.* at 5.) She neglects, however, to cite any authority supporting the proposition that a district court which has remanded a case for want of subject-matter jurisdiction nevertheless retains jurisdiction to consider a motion for fees arising out of the removal process when such motion was filed *after* remand. Plaintiff's failure to cite any authority "suggests either that there is no authority to sustain [her] position or that [she] expects the court to do [her] research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc*., 435 F.2d 850, 852 (10th Cir. 1970). Either way, Plaintiff's motion is denied.[1]

Alternatively, Plaintiff's motion is denied for failure to comport with this district's local rules. United States District Court for the District of Colorado Local Civil Rule 7.1A provides:

> The court will not consider any motion, other than a motion under [Federal Rule of Civil Procedure] 12 or 56, unless counsel for the moving party[,] . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter. The moving party shall

[1]Moreover, it seems that the wrong Plaintiff claims to have suffered can be remedied in state court. Indeed, the case that Plaintiff chiefly relies upon in her motion indicates that Colorado courts will increase exemplary damages based willful abuse of federal removal procedures. *Tait ex rel. Tait v. Hartford Underwriters Ins. Co.*, 49 P.3d 337, 342–43 (Colo. Ct. App. 2001). Furthermore, if Defendants' legal positions were as abusive as Plaintiff makes them out to be, she was free to file a *timely* motion for sanctions under Rule 11 prior to remand. *See* Fed. R. Civ. P. 11(c)(1)(A) (2007) (providing a safe harbor for the withdrawal or amendment of frivolous submissions); *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) ("[S]ervice of a sanctions motion after the district court has dismissed the claim or entered judgment prevents giving effect to the safe harbor provision or the policies and procedural protections it provides, and it will be rejected." [citation and quotation marks omitted]).

> state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

D.C.Colo.LCivR 7.1A. "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003). In plain contravention of this rule, Plaintiff's counsel neglected to state or certify that he endeavored to confer with counsel for Defendants prior to filing the instant motion. (*See* Pl.'s Mot.) Failure to comport with Local Rule 7.1A is sufficient grounds to warrant denial of a party's motion. *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *McCoy v. West*, 965 F. Supp. 34, 35 (D. Colo. 1997). Such denial is warranted in this case.

Based on the foregoing it is therefore ORDERED that:

Plaintiff's motion for attorney fees (#51) is DENIED.

Dated this 9th day of July, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge